Neil S. Lerner (SBN 134031)
Alena A. Eckhardt (SBN 304611)
**COX WOOTTON LERNER**
**GRIFFIN & HANSEN, LLP**
12011 San Vicente Blvd # 600
Los Angeles, CA 90049
Telephone Number: (310) 440-0020
Fax Number: (310) 440-0015
E-mail: nsl@cwlfirm.com
　　　　aeckhardt@cwlfirm.com

Attorneys for Plaintiffs-in-Limitation,
MARK S. FRANCIS and WENDY P. FRANCIS

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of<br><br>MARK S. FRANCIS and WENDY P. FRANCIS, as the owners of the vessel "FORTUNA,"<br><br>For exoneration from, or limitation of, liability. | Case No.:  **'16CV1873 H    JMA**<br><br>COMPLAINT IN ADMIRALTY FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY<br><br>[46 U.S.C. § 30501 *et seq*.; and Federal Rule of Civil Procedure Supplemental Rule F] |

COME NOW Plaintiffs-in-Limitation MARK S. FRANCIS and WENDY P. FRANCIS ("PLAINTIFFS-IN-LIMITATION"), who file this complaint as owners of that certain vessel known as "FORTUNA," bearing License Number CF 8904 SW (the "Vessel"), in an action for exoneration from, or limitation of, liability, civil and maritime, and allege as follows:

1.　　This is an action for exoneration from, or limitation of, liability pursuant to 46 U.S.C. § 30501 *et seq*.  It is an admiralty and maritime claim within the meaning of Federal Rules of Civil Procedure 9(h) and 38(e) and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims, and is within

the admiralty and maritime jurisdiction of the Court pursuant to 28 U.S.C. § 1333.

2.      At all material times, PLAINTIFFS-IN-LIMITATION MARK S. FRANCIS AND WENDY P. FRANCIS were and are individuals residing in San Diego, California.

3.      At all material times, BRADLEY D. TOBIAS ("TOBIAS"), was and is an individual residing in San Diego, California, and was the lawful operator of the Vessel.

4.      The Vessel is a model year 2005 22-foot SPC skiff, documented under the laws of the State of California, and bearing License Number CF 8904.

5.      At all material times, PLAINTIFFS-IN-LIMITATION were and are the owners of the Vessel within the meaning of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and PLAINTIFFS-IN-LIMITATION are therefore entitled to petition for exoneration from, or limitation of, liability pursuant to 46 U.S.C. §§ 30501, *et seq.*

6.      The Vessel is presently within the Southern District of California and within the jurisdiction of this Court.

7.      Under Rule F(9) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, the judicial district of this Court is the proper district for hearing this matter as such district is the most convenient to all.

8.      At all material times, PLAINTIFFS-IN-LIMITATION exercised due diligence to make the Vessel seaworthy and safe and it was at all relevant times, staunch, tight, strong, properly manned, equipped, supplied and operated, and in all respects seaworthy and fit for the operational service for which it was engaged in the navigable waters of the United States in the Pacific Ocean, in the San Diego Bay, San Diego County, California.

9.      On or about February 19, 2016, PLAINTIFFS-IN-LIMITATION permitted TOBIAS to take their Vessel for personal use for the day of February 20, 2016.

10.     PLAINTIFFS-IN-LIMITATION knew TOBIAS as a responsible adult and an experienced boat operator.

11.     At approximately 6:00 p.m. on February 20, 2016, the Vessel, with TOBIAS at the helm, was underway in San Diego Bay, on the navigable waters of the United States in the Pacific Ocean, having departed Coronado Landing and heading toward Shelter Island, California.  Also onboard were TOBIAS' personal friends: Dale Scott Anderson and Tatiana Sancheeva.

12.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that as the Vessel was transiting in the bay in a north direction, it struck another vessel, a 1951 50-foot schooner, bearing License Number CF 2998 ("HALLYON"), owned by Jason Anderson and anchored in the A-9 Anchorage of San Diego Bay, resulting in the damages to the Vessel and HALLYON and personal injuries to persons aboard the Vessel, and such other or additional injuries and/or damages that are presently unknown to PLAINTIFFS-IN-LIMITATION.

13.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that following the allision, TOBIAS was ejected from the Vessel.  The Vessel, not under command, with Tatiana Sancheeva and Dale Scott Anderson still onboard, continued its trajectory on a north by northeast course toward a rocky shoreline and eventually crashed into a chain link fence and the rock riprap along the west shoreline of the United States Coast Guard base, coming to an uncontrolled rest at that location and resulting in the additional damages to the Vessel and the fence and personal injuries to persons aboard the Vessel, and such other or additional injuries and/or damages that are presently unknown to PLAINTIFFS-IN-LIMITATION.

14.     The above-described incident and events, and any consequent injuries or damages, resulting therefrom, were done, occasioned and incurred without any fault or negligence on the part of PLAINTIFFS-IN-LIMITATION or anyone for whom PLAINTIFFS-IN-LIMITATION may be responsible.

-3-

15.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that the above-described incident and events, and any consequent injuries or damages, resulting therefrom, were solely and proximately caused by the fault and/or neglect of others.

16.     PLAINTIFFS-IN-LIMITATION allege that they have a valid, absolute and complete defense to any and all alleged liability arising out the above-described incident, on the facts and under maritime and admiralty law.

17.     PLAINTIFFS-IN-LIMITAION allege that Dale Scott Anderson has contended to have sustained or suffered damages or injuries as a direct result of the above-described incident and asserted a claim against PLAINTIFFS-IN-LIMITATION and/or the Vessel for such damages or injuries.

18.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that Tatiana Sancheeva may contend to have sustained or suffered damages or injuries as a direct result of the above-described incident and may intend to assert a claim against PLAINTIFFS-IN-LIMITATION and/or the Vessel for such damages or injuries.

19.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that the owner(s) of the vessel HALLYON contend that the HALLYON was damaged as a direct result of the above-described incident.

20.     PLAINTIFFS-IN-LIMITATION alleged, on information and belief, that the owner(s) of the HALLYON intend to assert a claim against them for property damage as a result of the above-described incident.

21.     PLAINTIFFS-IN-LIMITATION alleged, on information and belief, that the United States Coast Guard contends that its property was damaged as a direct result of the above-described incident.

22.     PLAINTIFFS-IN-LIMITATION alleged, on information and belief, that the United States Coast Guard intends to assert a claim against them for property damage as a result of the above-described incident.

///

23.     PLAINTIFFS-IN-LIMITATION allege, on information and belief, that certain other individuals and/or entities unknown to PLAINTIFFS-IN-LIMITATION have contended and may contend to have sustained or suffered damages or injuries as a direct result of the above-described incident and may intend to assert a claim against PLAINTIFFS-IN-LIMITATION and/or the Vessel for such damages or injuries.

24.     There are no actions or proceedings pending, in contract or in tort or otherwise, arising out of the above-described incident, except as set forth above, so far as PLAINTIFFS-IN-LIMITATION now know.

25.     PLAINTIFFS-IN-LIMITATION are informed and believe that no vessel arrest, attachment or complaint has been filed against the Vessel.

26.     PLAINTIFFS-IN-LIMITATION are informed and believe that other claims will be made and that suits or actions will be commenced against them by persons or entities claiming to have sustained injuries upon or as a result of the subject incident.  At the present time PLAINTIFFS-IN-LIMITATION do not know the amount of the claim or claims that may be made for injuries or other losses or damages that may have been sustained.

27.     Six months have not elapsed since the receipt by PLAINTIFFS-IN-LIMITATION of the first notice of claim, in writing, arising from the subject incident.

28.     While not in any manner admitting liability for any injuries or damages which any claimant or representative might allege he, she or it has suffered, and hereby expressing their desire to contest liability, PLAINTIFFS-IN-LIMITATION desire first to be completely exonerated from any and all such claims, and, if not exonerated, in the alternative, to limit their liability, if any, for any and all said claims, to all claimants, to a maximum of liability equivalent to PLAINTIFFS-IN-LIMITATION's interest in the Vessel, immediately following the subject incident.

///

29.    PLAINTIFFS-IN-LIMITATION hereby claim the benefits of exoneration from, or limitation of liability provided for in the Limitation of Liability Act 46 U.S.C. § 30501 *et seq*., as amended and supplemented by the rules governing admiralty proceedings in this Court, and also claim the benefit of each other act and/or statute of the United States for which PLAINTIFFS-IN-LIMITATION may be entitled, whether or not named herein.

30.    The post-casualty value of the Vessel is $7.000 (based on the value of scrap metal and engines). PLAINTIFFS-IN-LIMITATION offer a stipulation of value, in the form of a Letter of Undertaking, in the amount of $7,000, which value is anticipated to be substantially less than the amount which will be claimed for losses and damages arising by reason of this occurrence.

31.    PLAINTIFFS-IN-LIMITATION are ready, willing, and able to give and hereby offer to give, a stipulation with sufficient surety, in the form of a letter of undertaking, for payment into the Court of the amount or value of PLAINTIFFS-IN-LIMITATION's interest in the Vessel, together with interest thereon at the legal rate of six percent (6%) per annum, plus security for costs in the amount of $1,000, as required by Local Supplemental Rule (F)(1), whenever the same shall be ordered herein.

32.    All and singular, the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Court.

WHEREFORE, the PLAINTIFFS-IN-LIMITATION pray:

a) That the Court enter an order directing the issuance of a monition to all persons asserting claims against PLAINTIFFS-IN-LIMITATION and/or the "FORTUNA," with respect to the incident of on or about February 20, 2016, and for which this Complaint seeks exoneration from, or limitation of, liability, admonishing them to file their respective claims with the Clerk of this Court, to serve a copy thereof on the attorneys for PLAINTIFFS-IN-LIMITATION, and to appear and answer the allegations of this Complaint, on or before a date to be fixed by the Court

in the order;

b) That the Court enter an order directing the execution of the monition and publication of notice thereof in such newspaper(s) as the Court may direct, once a week for four (4) successive weeks prior to the date fixed by the Court for the filing of such claims, all as provided for in the law and by Rule F(4) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims;

c) That the Court, upon issuance of the monition, enter an order restraining the prosecution of any and all suits against PLAINTIFFS-IN-LIMITATION and/or "FORTUNA," which may have been already commenced by any person or entity to recover damages as a result of the incident of on or about February 20, 2016, and for which this Complaint seeks exoneration from, or limitation of, liability, and restraining the commencement and prosecution of any additional or unknown lawsuits, whether new or old, or any legal proceeding whatsoever, against PLAINTIFFS-IN-LIMITATION and/or the "FORTUNA," with respect to any claims arising from the incident of on or about February 20, 2016, and for which this Complaint seeks exoneration from, or limitation of, liability;

d) That the Court permit PLAINTIFFS-IN-LIMITATION to contest their liability, if any, for all injuries and/or damages arising out of the aforesaid incident, and for which this Complaint seeks exoneration from, or limitation of, liability and this Court, in this proceeding, adjudge that PLAINTIFFS-IN-LIMITATION and the "FORTUNA" are to be completely exonerated from liability arising out of the aforesaid incident, and for which this Complaint seeks exoneration from, or limitation of, liability, and that no liability exists on the part of PLAINTIFFS-IN-LIMITATION and the Vessel for any injuries or damages resulting from the aforesaid incident, and for which this Complaint seeks exoneration

from, or limitation of, liability;

e) In the event it is found by this Court that liability exists on the part of PLAINTIFFS-IN-LIMITATION or the Vessel, by reason of the injuries and damages to any claimant, then the Court, in this proceeding, adjudge that such liability shall in no case exceed the amount of post-casualty value of PLAINTIFFS-IN-LIMITATION's interest in the "FORTUNA;" and

f) That PLAINTIFFS-IN-LIMITATION receive such other and further relief as the Court may deem just and proper under the circumstances.


Dated: July 22, 2016                    COX WOOTTON LERNER
                                        GRIFFIN & HANSEN LLP

                                        /s/ Neil S. Lerner
                                        Neil S. Lerner
                                        Alena A. Eckhardt
                                        Attorneys for Plaintiffs-in-Limitation:
                                        MARK S. FRANCIS and WENDY P.
                                        FRANCIS