# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of MARK S. FRANCIS and WENDY P. FRANCIS, as owners of the vessel "Fortuna," <br><br> For exoneration from, or limitation of, liability. | Case No.: 16cv1873 H (JMA) <br><br> **ORDER COMPELLING AQUANEERING, INC. TO COMPLY WITH SUBPOENA [ECF NO. 39]** |

Presently before the Court is an Ex Parte Application for an Order Compelling Compliance with Third Party Subpoena filed by Claimant-in-Limitation Dale Anderson ("Anderson"), in which Anderson seeks an order compelling third-party Aquaneering, Inc. ("Aquaneering") to comply with his subpoena for the employment records of Bradley D. Tobias ("Tobias"). (ECF No. 39.) Plaintiffs-in-Limitation Mark S. Francis and Wendy P. Francis ("the Francises") filed a response to the application (ECF No. 44), as did Aquaneering (ECF No. 45).

For the reasons set forth below, the Court GRANTS Anderson's ex parte application and ORDERS Aquaneering to comply with the subpoena.

//
//

## I. BACKGROUND

The following facts are taken from the Complaint in this matter. On February 20, 2016, the Francises, the owners of the vessel known as *Fortuna*, permitted Tobias to take their vessel for his personal use. Also on board were Tobias's friends, Anderson and Claimant Tatiana Sancheeva. At 6:00 p.m., the vessel was underway in San Diego Bay, having departed Coronado Landing and heading toward Shelter Island. While the vessel was transiting in the bay in a north direction, it struck another vessel, *Hallyon*, owned by Claimant Jason Anderson. Tobias was ejected from the vessel, which continued its trajectory and eventually crashed into a chain link fence and rock riprap along the west shoreline of the U.S. Coast Guard base, with the passengers still on board. The accident resulted in damage to both vessels and personal injuries to the passengers. The Francises claim the benefits of exoneration from or limitation of liability provided for in the Limitation of Liability Act, 46 U.S.C. § 30501 et seq. The post-casualty value of *Fortuna* is $7,000. See Compl., ECF No. 1.

Anderson and his wife, Ana Anderson, assert a claim of general maritime negligence against the Francises and Tobias. See Answer, ECF No. 10. The Andersons contend the accident was caused by the recklessness and negligence of Tobias, as operator of the *Fortuna*, and that his conduct was in the privity and knowledge of the Francises. They allege Tobias suffered from alcoholism and a debilitating disease, multiple sclerosis, which was known to the Francises, and that he consumed alcoholic beverages the afternoon and evening prior to the accident. They further assert that Tobias directed the *Fortuna* to the A-9 anchorage, which was full of anchored vessels and is not the route one would take to Shelter Island. Tobias was allegedly driving at a high rate of speed when the *Fortuna* collided with the *Hallyon*, which was anchored and unoccupied at the time. Anderson was thrown from his seat on impact, and sustained major trauma including an open head wound, fractures, hematomas, a broken jaw, and several

facial fractures. Anderson's medical expenses to date exceed $1,000,000, and future medical care is anticipated. Id.

On June 23, 2017, Anderson served a subpoena upon the custodian of records for Aquaneering, Tobias's employer, commanding the production of the following by July 11, 2017:

> Any and all employment records (with the exception of any financial related information) from any and all dates pertaining to: Bradley David Tobias, DOB: September 2, 1973, including, but not limited to, the following: his personnel file; employment application; worker's compensation information (excluding any financial information); termination records; background checks or investigation information; reprimands; write-ups; disciplinary actions; complaints; and, correspondence relating to Mr. Tobias's health (including, but not limited to, correspondence related to Mr. Tobias's diagnosis of multiple sclerosis and/or affective disorder), his employment status and/or Mr. Tobias's use of drugs and/or alcohol.

Griffin Decl., Ex. O. The Francises are the owners and directors of Aquaneering. Pls.' Statement of Facts in Supp. of MSJ, ECF No. 38-2, No. 2. On July 11, 2017, counsel representing Aquaneering in connection with the subpoena sent a letter advising that Aquaneering could not unilaterally waive Tobias's privacy rights in his personnel file. Griffin Decl., Ex. Q. Aquaneering's counsel had been unable to contact Tobias regarding his willingness to waive his privacy rights due to his being incarcerated due to a felony conviction relating to the subject accident. Id., ¶ 3 & Ex. Q. Anderson's counsel sent Tobias a copy of the subpoena on July 28, 2017, after he had been released from custody and had resumed living on his boat. Id., ¶ 9. Anderson's counsel requested that Tobias respond with any objections within 14 days, but no objection was received. Id. Anderson's counsel spoke with Tobias in person at a restitution hearing on August 1, 2017 and via telephone on August 17, 2017; both times, Tobias indicated he wanted to confer with Mr. Francis before signing an authorization to

release his Aquaneering employment file. Id., ¶ 10. Anderson's counsel attempted to contact Tobias by telephone approximately 10-15 times after issuance of the subpoena to request that he authorize the release of his records to no avail. Id., ¶ 14. On October 18, 2017, Anderson's counsel left a final message for Tobias informing him that the instant motion would be filed and requesting that he inform counsel whether he had any objections to the subpoena by October 20, 2017. Id. Anderson's counsel does not know whether Tobias ever spoke with Mr. Francis about the matter or if Mr. Francis instructed Tobias to not execute the release. Id., ¶ 15.

## II. LEGAL STANDARDS

Discovery is purposefully broad under the Federal Rules of Civil Procedure. Each party generally has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information within the scope of discovery need not be admissible in evidence in order to be discoverable. Id. Rule 45 allows for the issuance of subpoenas to produce documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45(a)(1)(C). A person commanded to produce documents pursuant to a subpoena may serve on the party or attorney designated in the subpoena a written objection before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). A person subject to or affected by a subpoena may move to quash or modify a subpoena if it requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv).

Federal courts recognize a constitutional right to privacy. Stallworth v. Brollini, 288 F.R.D. 439, 444 (N.D. Cal. Dec. 21, 2012) (citing Whalen v. Roe, 429 U.S. 589, 599 (1977)). Federal courts also consider privacy rights protected

by state constitutions or statutes. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995). To evaluate privacy objections under either federal or state law, the Court must balance the party's need for the information against the individual's privacy right in his employment files. Tierno v. Rite Aid Corp., 2008 WL 3287035, at *3 (N.D. Cal. July 31, 2008) (citing cases).

**III. DISCUSSION**

A. The Court Deems the Ex Parte Application to be Timely Filed

The Francises argue Anderson's application is untimely as it was filed two months after the discovery cutoff, prejudicing their right to a fair hearing on their motion for summary judgment, and that Anderson demonstrated a complete lack of diligence in obtaining Tobias's employment file. Pls.' Resp., ECF No. 44 at 2. They contend Anderson had ample opportunity to seek Tobias's authorization for disclosure of his personnel file at his all-day deposition on June 7, 2017, and had sufficient time during the discovery period to seek an order compelling compliance with the subpoena, but chose instead to wait until one week before their opposition to the Francises' summary judgment motion was due before seeking a court order. Id.

The initial scheduling order in this case included a fact discovery cutoff of June 16, 2017. See ECF No. 27. On April 27, 2017, the Court continued the fact discovery cutoff to August 15, 2017 pursuant to a joint motion filed by the parties. See ECF No. 32. The timing of discovery motions before this Court is not determined by the discovery cutoff date, but rather is set forth in the undersigned's Chambers Rules. The Chambers Rules provide that if parties are not able to resolve a dispute through the meet and confer process, counsel shall, within 45 days of the date upon which the event giving rise to the dispute occurred, file a joint statement entitled "Joint Motion for Determination of Discovery Dispute." For written discovery, the event giving rise to the discovery

dispute is the service of the response. If a party fails to provide a discovery response, the event giving rise to the discovery dispute is the date the response was due. See Chambers Rules.

Here, the response to the subpoena was due on July 11, 2017. Griffin Decl., Ex. O. As such, any discovery motion relating to the subpoena was due to be filed by August 25, 2017. On August 22, 2017, Anderson's counsel, Ms. Griffin, notified the Court that she and Aquaneering's counsel had stipulated to continue the deadline to file a discovery motion relating to the subpoena to September 21, 2017, in the hopes that Tobias would authorize release of his personnel file, given that he had authorized the release of his medical records. Griffin Decl., ¶ 12. On September 13, 2017, counsel again stipulated to continue the discovery motion filing deadline to October 20, 2017, as the parties planned to attend mediation on October 16, 2017. Id., ¶ 13. Ms. Griffin contacted the undersigned's chambers that same day to request the Court's approval of counsel's new stipulated deadline. The undersigned's law clerk advised Ms. Griffin advised that if the deadline were continued to October 20, 2017, it would not be possible for the discovery motion to be decided prior to the filing of dispositive motions, as the deadline for the hearing on dispositive motions was November 13, 2017, necessitating that moving papers be filed no later than October 16, 2017. After Ms. Griffin assured the Court that would not present a problem, the Court authorized the extension and directed that the discovery motion be filed as an ex parte application instead of a "joint motion for determination of discovery dispute," as Aquaneering is not a party to this action. Ms. Griffin notified all counsel of the extension and requested that any objections to the continuance be made immediately. Griffin Decl. in Supp. of Reply, ¶ 3. No party objected. Id.

The Francises thereafter filed a motion for summary judgment on September 27, 2017, with a hearing date of November 13, 2017. See ECF No.

6

16cv1873 H (JMA)

38. After filing the instant ex parte application on October 20, 2017, Anderson filed an ex parte application for relief under Fed. R. Civ. P. 56(d), in which he requested a continuance of the hearing on the Francises' motion for summary judgment until such time as this Court has ruled on the motion to compel compliance with subpoena. See ECF No. 41. No opposition was filed in response to the application, and the Honorable Marilyn L. Huff granted a continuance of the hearing to January 8, 2018. Id. Anderson's response to the summary judgment motion is currently due by December 1, 2017. Id.

The Court disagrees that Anderson acted with a "complete lack of diligence" with respect to the subpoena. Even if Anderson's counsel did not seek Tobias's authorization to release his employment records during his June 2017 deposition, counsel certainly made many attempts to do so thereafter during the discovery period. Additionally, while it could be said that Anderson delayed somewhat in bringing the instant motion, the Court finds he acted in good faith in doing so. Anderson obviously hoped to not have to bring the motion, and chose to twice stipulate to continue the filing deadline while attempting to preserve resources and reach a resolution which would not necessitate court intervention. He initially hoped Tobias would sign an authorization allowing the release of his employment file, and then hoped the case would settle at mediation. As neither of these occurred, Anderson was forced to proceed with this motion. It cannot be said Anderson was dilatory in seeking an order compelling compliance with the subpoena; indeed, this Court granted permission to Anderson to file the instant motion by October 20, 2017, to which the Francises did not object.[1] The delay resulting from considering the ex parte application is not lengthy, and is not the

---

[1] While the undersigned granted the extension with the qualification that any briefing and hearings before the district judge should not be disturbed, it is still the case that Anderson had permission to file his motion on October 20, 2017. In any event, the district judge granted Anderson's motion pursuant to Rule 56(d) to continue the deadlines relating to the Francises' summary judgment motion.

result of neglect or disrespect for the Court or the other parties. The impact on the proceedings is minimal, and the Francises are not unduly prejudiced. "Prejudice requires greater harm than simply that relief would delay resolution of the case." Lemoge v. United States, 587 F.3d 1188, 1196 (9th Cir. 2009). The Court will therefore address the merits of the instant motion.

B.   Tobias Did Not Challenge the Subpoena

A party that is not the recipient of a subpoena has standing to challenge the subpoena "where its challenge asserts that the information is privileged or protected to itself." Belling v. DDP Holdings, Inc., 2013 WL 12140986, at *3 (C.D. Cal. May 30, 2013) (citing Diamond State Ins. Co. v. Rebel Oil Co., Inc., 157 F.R.D. 691, 695 (D. Nev. 1994)). Tobias has standing to challenge the subpoena as it seeks his personnel files. He has not, however, done so. He has not moved to quash the subpoena, to modify the subpoena, or for a protective order. See Fed. R. Civ. P. 45(d)(3)(A); Fed. R. Civ. P. 26(c).[2]

C.   Anderson's Need for the Information Sought Outweighs Tobias's Privacy Interests

The Francises' assertion that the documents sought are irrelevant is without merit. Clearly, there may be information in Tobias's personnel files relevant to this case. "The Limitation of Liability Act limits shipowner liability arising from the unseaworthiness of the shipowner's vessel or the negligence of the vessel's crew unless the condition of unseaworthiness or the act of negligence was within the shipowner's 'privity or knowledge.'" In re Bowfin M/V, 339 F.3d 1137, 1138 (9th Cir. 2003) (per curiam). "'Privity or knowledge' may be active or constructive; therefore, in addition to showing a lack of actual knowledge or the cause of the loss, the owner must also demonstrate that it has

---

[2] The Francises, as the plaintiffs-in-limitation in this action and as the owners of Aquaneering, have provided no argument or authority that they have standing to challenge the subpoena, and indeed have not challenged the subpoena.

'avail[ed] itself of whatever means of knowledge are reasonably necessary to prevent conditions likely to cause losses.'" Washington State Dept. of Transp. v. Sea Coast Towing, Inc., 148 Fed. Appx. 612, 613 (9th Cir. 2005) (citing Waterman Steamship Corp. v. Gay Cottons, 414 F.2d 724, 732 (9th Cir. 1969)). The determination of what the Francises knew or should have known about Tobias and whether he could safely operate their vessel is a key issue in this litigation. Documents relating to a background check or lack thereof, driver's license check or lack thereof, criminal history, performance reviews, medical and/or disability issues, insurance coverage issues, disciplinary proceedings, history of being under the influence of drugs or alcohol, and complaints are relevant to the Francises' knowledge of whether Tobias could safely operate the vessel, as well as the credibility of the Francises and Tobias as witnesses. Although the Francises argue Tobias's 2006 motor vehicle accident and 2007 misdemeanor charge are inadmissible, discovery need not be admissible in evidence in order to be discoverable. Fed. R. Civ. P. 26(b)(1).

The importance of the information sought outweighs Tobias's privacy interests, particularly given that the subpoena does not seek any of Tobias's personal financial information, and because the parties can enter into a stipulated protective order to lessen the impact the disclosure will have on Tobias's privacy. The Court therefore requires the parties to enter into a stipulated protective order which limits the dissemination of the documents in the personnel file and allows use of the documents for purposes of this litigation only. Such a protective order will amply protect Tobias's privacy interests. See, e.g., Soto, 162 F.R.D. at 616 (stating that "[a] carefully drafted protective order could minimize the impact of . . . disclosure").

IV. CONCLUSION

For the reasons set forth above, Aquaneering's objection to the subpoena

served by Anderson is **OVERRULED**.  The parties shall prepare a stipulated protective order and file a request for entry of the protective order forthwith.  Aquaneering is **ORDERED** to produce Tobias's personnel file pursuant to the stipulated protective order by <u>November 22, 2017</u>.  No further discovery is permitted.

**IT IS SO ORDERED**.

Dated:  November 15, 2017

_____
Honorable Jan M. Adler
United States Magistrate Judge