# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of the Complaint of MARK S. FRANCIS and WENDY P. FRANCIS, as owners of the vessel "Fortuna,"<br><br>For exoneration from, or limitation of, liability. | CASE NO.: 16-cv-1873 H (JMA)<br><br>**STIPULATED PROTECTIVE ORDER**[1] |

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided by the United States District Court, Southern District of California.

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The purpose of the Protective Order is to allow the parties to have reasonable access to information from the other party with the means of limiting access to, and disclosure of, Confidential Information that is protected in this lawsuit without frequent resort to determinations of discoverability by the Court.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II. DEFINITIONS

1. When used in this Order, the word "documents" shall have the full meaning ascribed to the term "writings" as set forth in Federal Rule of Evidence 1001(1) and shall include, without limitation, all originals written, recorded, or graphic matters and all copies thereof.

2. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial and deposition testimony, and transcripts of trial testimony and depositions, including data, summaries and compilations derived therefrom, that is deemed to be Confidential Information by any party to which it belongs.

3. The term "Discovery Materials" will mean any document or portion(s) thereof, testimony, or other information produced in this action through disclosure or discovery procedures by any party.

4. The term "Confidential Discovery Materials" shall mean Discovery Materials designated as "CONFIDENTIAL."

### III. GENERAL RULES

5. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to request for admissions, trial testimony, deposition testimony and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to the Protective Order may designate the same as "CONFIDENTIAL."

6. All Confidential Discovery Materials (as defined in section II (4) above) produced or disclosed in this action shall be used solely for the prosecution and/or defense of any action between the parties. Any person who has been provided Confidential Discovery Materials in this action shall maintain them in a reasonably secure manner so as to avoid disclosure of their contents.

7. Discovery materials may be designated "CONFIDENTIAL" by the producing party who believes in good faith that the unrestricted disclosure of such information could be potentially prejudicial to the protected privacy rights, business, or operations of such party and/or any party's employees or clients.

8. Discovery Materials designated "CONFIDENTIAL" shall be referred to herein as "Confidential Discovery Materials." Confidential Discovery Materials include materials and documents that constitute or reflect parties' confidential business and financial information, the disclosure of which may be prejudicial to parties' protected privacy rights, business or operations, and/or information that may be protected by any third party's right to privacy under the United States or California Constitutions. Materials provided by one party to the other informally in the course of this action may be brought within the terms of the Protective Order by written notification to counsel receiving such Materials at the time of any such exchange.

9. The "CONFIDENTIAL" designation provided for in this Order may be made at or prior to the time of production of documents by stamping the word

3
STIPULATED PROTECTIVE ORDER
CASE NO. 16-cv-1873 H (JMA)

"Confidential" on each page of the matter disclosed or conspicuously on the front of other media containing information (*e.g.*, CD or DVD), or, in the case of depositions, as provided in section III(10) below. Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied thereafter by written notice of supplemental production of the Discovery Materials with the "Confidential" designation. Upon the service of such notice and supplemental production, the Discovery Materials shall be subject to the Protective Order as if the materials had been initially designated as "CONFIDENTIAL."

      10.   Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

      a.   the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; A party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

      b.   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the Court reporter, and the person(s) agreed upon pursuant to paragraph 12 below; and

      c.   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," and the original or any copy ultimately presented to a Court for filing must not be filed unless it can be accomplished under seal, identified as

being subject to this Order, and protected from being opened except by order of this Court.

11. No Discovery Material designated as "CONFIDENTIAL" shall be disclosed, directly or indirectly, by the receiving party in the action to anyone other than those person designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

12. Information designated "CONFIDENTIAL" must be viewed only by the individual listed below, provided each such individual has read this Order in advance of disclosure:

    a.    the Court, necessary Court personnel, and jurors;

    b.    the parties;

    c.    the partners, associates, and employees of the attorneys' law firms who are representing any named party in the action;

    d.    Court reporters transcribing depositions or testimony in the action and administrative staff of Court reporting agencies as necessary for the processing of the transcript;

    e.    any person who lawfully saw documents or information before its designation as "CONFIDENTIAL;"

    f.    any expert retained or consulted by any party in connection with this action, provided such persons sign an acknowledgment substantially similar to **Exhibit "A"**;

    g.    non-party deponents at their depositions or non-party witnesses at trial, but only to the extent reasonably necessary to give their testimony;

    h.    copy services; and

    i.    any person whom a party intends, in good faith, to call as a

witness in any hearing or at trial in the litigation, and that person's attorneys, if other than those described in subsection (c) above, but only to the extent reasonably necessary to give testimony, provided such persons shall not be entitled to keep copies of Confidential Discovery Materials unless they sign an acknowledgement substantially similar to **Exhibit "A."**

13. All persons to whom Confidential Discovery Materials are disclosed pursuant to section III(12)(a)-(i) above shall be provided with a copy of the Protective Order.

14. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" are filed with the Court for any purpose, the party seeking file such material must seek permission of the Court to file the material under seal. However, no document may be filed under seal without explicit "authorization." In that respect, a party must file a "public" version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed "confidential." The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portion of the document(s) be filed under seal and setting forth good cause for the request. A party should submit the unredacted document(s) directly to chambers.

15. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II. j, and the chambers rules, with respect to filing documents under seal.

16. If at any time any Confidential Discovery Materials governed by the

Protective Order are the subject of a subpoena issued to a party who has received Confidential Discovery Materials in this action by any Court, administrative, or legislative body, or by any other persons or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed shall promptly give written notice thereof, and include a copy of the subpoena or request (unless providing disclosure of subpoena or request is prohibited by law or Court order) to any person who has designated such information as "CONFIDENTIAL." After receipt of the notice specified under this paragraph, the person seeking to maintain the "CONFIDENTIAL" designation shall have the sole responsibility, if it believes it necessary to prevent disclosure of Confidential Discovery Materials, for obtaining an order from a Court having appropriate jurisdiction. Upon the filing of any such motion to maintain the confidentiality of the materials sought (notice of which shall be given to the person to whom the subpoena is directed), the person to whom the subpoena is directed shall respond timely to the subpoena, but will not allow access to Confidential Discovery Materials until such time as the Court has ruled on the motion filed by the person or entity seeking to preserve the confidentiality of the Discovery Materials, unless otherwise required by law to make an earlier production notwithstanding such motion. If the person seeking to maintain confidentiality does not move for a protective order within the time allowed for the discovery sought by the subpoena (or within such time as a Court may direct or as may be agreed upon between the designating person and the subpoenaing party) or give written notice of such motion to the subpoenaing party and the person to whom the subpoena is directed, the person to whom the subpoena or other request is directed may commence production in response thereto on the date designated on the subpoena. If the Court grants an application to file documents under seal, the Court's mandatory paper chambers copies must include a complete version of the documents with an appropriate notation identifying the document or the portion of the document that has been filed under seal.

17. Nothing herein shall impose any restriction on the use or disclosure by a party of documents or information created by or for such party, or obtained by such party, independently of discovery proceedings herein.

18. Entry of this Order shall be without prejudice to any motion or ex parte application for relief from the Court from any restriction hereof or for any other or further restriction on the production, exchange, or use of any document, testimony, or other information produced, given or exchanged in the course of pre-trial discovery in this action. At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL." The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

19. Designated documents may be redacted to remove confidential portions to allow the elimination or reduction of the designation. Any party making such a redaction must notify the designating party of the redaction in writing. If at any time a dispute with regard to the redaction of particular Confidential Discovery Material arises, the parties shall meet and confer to resolve that issue within seven (7) Court days. If the dispute is not resolve consensually between the parties within seven (7) days of receipt of such a notice of objections, the redacting party may move the Court for a ruling on the objection.

20. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such

information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

21. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

22. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

23. Original documents that have been filed under seal will not be returned to the party who produced such documents in the action. However, a party may obtain copies of any documents that party produced and filed under seal within ninety (90) days after the final and non-appealable termination of this action.

24. This Order may be modified by agreement of the parties, subject to approval by the Court.

25. The Court may modify the terms and conditions of this order in the interest of justice or for public policy reasons at any time in these proceedings. The

9
STIPULATED PROTECTIVE ORDER
CASE NO. 16-cv-1873 H (JMA)

Court acknowledges the parties prefer the Court provide them with notice of the Court's intent to modify the order prior to entry of such an order.

26. Unless specifically provided in an order of this Court, this Order does not change, amend, or circumvent any Court rule or local rule of this Court.

27. Nothing within this Order will be construed to prevent disclosure of Confidential Discovery Materials if such disclosure is required by law or by order of the Court.

28. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Discovery Materials. The existence of the Protective Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

29. Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

30. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record. The item may be redacted to eliminate confidential material from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

31. Even after final disposition of this action, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and

exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

32. After the final disposition of this action, as defined in Section III (32), within 60 days of a written request by the designating party, each receiving party must return all Confidential Information to the producing party or destroy such material. As used in this subdivision, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

33. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. In the event motion practice is required to enforce the terms of this Order, and a party is found by the Court to have willfully violated the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the

discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

|  |  |
|---|---|
|  | COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP |
| Dated: November 21, 2017    By: | s/ Alena A. Eckhardt, Esq. <br> Alena A. Eckhardt, Esq. <br> Attorneys for Plaintiffs-in-Limitation <br> MARK S. FRANCIS AND WENDY P. FRANCIS <br> Email: aeckhardt@cwlfirm.com |
| Dated: November 21, 2017 | LAW OFFICES OF ELLIOTT KANTER <br><br> /s/ Elliott N. Kanter <br> Elliott N. Kanter <br> Attorney for Claimant <br> JASON ANDERSON <br> Email: ekanter1@san.rr.com |
| Dated: November 21, 2017 | LAW OFFICES OF STEVEN A. ELIA <br><br> /s/ Steven A. Elia <br> Steven A. Elia <br> Holly Attiq <br> Maura Griffin <br> Attorneys for Claimants <br> DALE and ANA ANDERSON <br> Email: Steve@EliaLaw.com |
| Dated: November 21, 2017 | CHARMASSON BUCHACA & LEACH <br><br> /s/ Rob G. Leach <br> Rob G. Leach <br> Randy S. Perlman <br> Attorneys for Claimant <br> TATIANA SANCHEEVA <br> Email: rob@charmasson.com |

PETTIT KOHN INGRASSIA LUTZ &
DOLIN PC

Dated: November 21, 2017     By:     s/ Jennifer N. Lutz, Esq.
                                     Jennifer N. Lutz, Esq.
                                     Attorneys for Third Party
                                     AQUANEERING, INC.
                                     Email: jlutz@pettitkohn.com

PURSUANT TO STIPULATION AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: November 22, 2017

_____
Jan M. Adler
United States Magistrate Judge

# EXHIBIT "A"

*In The Matter Of The Complaint Of Mark S. Francis And Wendy P. Francis, As Owners Of The Vessel "Fortuna"*
**U.S. District Court Case No. 16-cv-1873 H (JMA)**

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Southern District of California in *In The Matter Of The Complaint Of Mark S. Francis And Wendy P. Francis, As Owners Of The Vessel "Fortuna"*, Case No. 16-cv-1873 H (JMA).

3. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

4. I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed Name: _____

Signature: _____

1

STIPULATED PROTECTIVE ORDER
CASE NO. 16-CV-1873 H (JMA)